UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN J. LeSEARS,

    Petitioner,

v.

CASE NO. 14-14365
HONORABLE JOHN CORBETT O'MEARA

LORI GIDLEY,

    Respondent.
_____/

**OPINION AND ORDER**
**GRANTING PETITIONER'S MOTION FOR A STAY (ECF NO. 8)**
**AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

### I.  Introduction and Background

This matter has come before the Court on petitioner Calvin J. LeSears' *pro se* habeas corpus petition under 28 U.S.C. § 2254 and Petitioner's motion to hold the habeas petition in abeyance. Petitioner is challenging his state convictions for first-degree (premeditated) murder, Mich. Comp. Laws § 750.316(1)(a), carrying a concealed weapon (CCW), Mich. Comp. Laws § 750.227, and possessing a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. Petitioner is serving a life sentence for the murder conviction, a concurrent sentence of two to five years in prison for the CCW conviction, and a consecutive term of two years in prison for the felony firearm conviction. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam* opinion. *See People v. LeSears*, No. 305314 (Mich. Ct. App. Sept. 12, 2013). On January 31, 2014, the Michigan

Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. LeSears*, 495 Mich. 936; 843 N.W.2d 206 (2014).

On November 12, 2014, Petitioner filed his habeas corpus petition in this Court. As grounds for relief, Petitioner asserts the following: (1) the prosecution failed to prove that Petitioner's acts or encouragement caused the victim's death and, therefore, Petitioner's murder conviction violated his right to due process; (2) the trial court erred when it admitted in evidence Petitioner's involuntary statement to the police; and (3) the trial court violated the rule of completeness by admitting only Petitioner's June 23, 2010, statement to the police and not his earlier exculpatory statement. Respondent Lori Gidley argues in an answer to the petition filed through counsel that the state appellate court's decision on Petitioner's claims was not unreasonable and that Petitioner's third claim is not cognizable on habeas review because it raises only an issue of state law.

Now before the Court is Petitioner's motion to stay this proceeding and to hold his habeas petition in abeyance pending exhaustion of additional state remedies. Petitioner seeks to raise the following new claims in a motion for relief from judgment submitted to the state trial court: (1) he was denied effective assistance of counsel when trial counsel failed to object to the identification evidence; (2) the trial court violated his right to a public trial by excluding the public on the fourth day of trial, and trial counsel was ineffective for failing to object to the closure of the courtroom; and (3) appellate counsel's failure to raise significant and obvious issues on direct appeal deprived Petitioner of his right to effective assistance of counsel. Respondent has not filed an answer to Petitioner's motion.

## II. Discussion

**A. The Exhaustion Doctrine and the Stay-and-Abeyance Procedure**

The doctrine of exhaustion of state remedies requires a state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. at 845, 847. Thus, to properly exhaust state remedies, a prisoner must present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

In appropriate cases, a federal district court may stay habeas proceedings and hold a habeas petition in abeyance while an inmate returns to state court to exhaust state remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the inmate exhausts his state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id.* at 275-76.[1]

---

1 *Rhines v. Weber* involved a "mixed" petition of exhausted and unexhausted claims, whereas the habeas petition in this case raises only exhausted claims. The Court nevertheless finds the *Rhines v. Weber* factors helpful in determining whether to hold Petitioner's case in abeyance. *Cf. Thomas v. Stoddard*, 89 F. Supp. 3d 937, 941-43 (E.D. Mich. 2015) (applying the *Rhines v. Weber* factors in a case which contained only exhausted claims).

This stay-and-abeyance procedure is "available only in limited circumstances," *id*. at 277, such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. In such circumstances, the district court should stay, rather than dismiss, the habeas petition because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*.

**B. Application**

Petitioner has exhausted state remedies for his current three claims, but he seeks to raise three new claims, which he has not presented to the state courts. A dismissal of this case while Petitioner pursues additional state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Furthermore, Petitioner's unexhausted claims are not plainly meritorious, and he is not engaged in dilatory litigation tactics. Additionally, he alleges that appellate counsel was "cause" for his failure to raise all his claims on direct review.

### III. Conclusion

The Court concludes that it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies. The Court therefore grants Petitioner's motion for a stay and to hold his habeas petition in abeyance (ECF No. 8).

As a condition of this stay, the Court orders Petitioner to file a motion for relief from judgment in the state trial court within ninety (90) days of the date of this order. If Petitioner is unsuccessful in state court and wishes to return to federal court, he must

file an amended habeas corpus petition and a motion to re-open this case within ninety (90) days of exhausting state remedies for his new claims. The motion and amended petition shall contain the same case number that appears on this order, and because amended pleadings generally supersede initial pleadings, *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 617 (6th Cir. 2014) (citing 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)), the amended habeas petition must include all the claims that Petitioner wants the Court to consider. Failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

Finally, the Court orders the Clerk of the Court to close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

Date: January 29, 2016                     s/John Corbett O'Meara
                                           United States District Judge


I hereby certify that on January 29, 2016 a copy of this opinion and order was served upon the parties of record using the ECF system and/or first-class U.S. mail.

                                           s/William Barkholz
                                           Case Manager